```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

ANNMARIE BRENNAN,              )
                               )
        Plaintiff,             )
                               )
        v.                     )    Case No. 2:22-cv-138
                               )
WHISTLEPIG, LLC,               )
                               )
        Defendant.             )
```

**OPINION AND ORDER**

Plaintiff AnnMarie Brennan brings this action against Defendant WhistlePig, LLC ("WhistlePig") claiming she suffered personal injuries while visiting a WhistlePig-owned property in 2019. Pending before the Court is WhistlePig's motion to compel discovery. For the reasons set forth below, the motion is granted.

**I. Factual Background**

WhistlePig is a distillery located on farm property in Shoreham, Vermont. In July 2019, WhistlePig invited several employees of Connecticut Distributors, Inc., including Plaintiff Brennan, to stay overnight at the farm property's guest house. During her stay, Plaintiff toured the farm in a WhistlePig vehicle. The Complaint alleges that the driver of the vehicle lost control while descending a hill, and was only able to stop when the vehicle crashed into a fence. As a result of the

crash, Plaintiff allegedly suffered injuries to her left ankle, left hip, and low back.

Plaintiff claims to have received medical treatment at the time of the accident, and that her injuries have required continued treatment.  The Complaint seeks compensation for medical bills, pain and suffering, and loss of enjoyment of life.

**II.  Procedural Background**

Plaintiff filed her Complaint on July 15, 2022.  On October 6, 2022, the parties submitted a stipulated discovery schedule with the following deadlines: October 14, 2022 for initial disclosures; October 31, 2022 for all interrogatories and requests for production; deposition of non-expert witnesses by January 29, 2023; and Plaintiff expert witness reports produced by February 22, 2023.  Discovery is due to be complete by July 21, 2023.

WhistlePig served timely written discovery requests on September 21, 2022.  After receiving responses, WhistlePig's counsel sent a letter to opposing counsel on November 23, 2022 alleging the following shortcomings: failure to explain precisely how the injury occurred; failure to identify up-to-date costs and expenses; failure to describe future medical treatments and the names of doctors recommending such treatments; failure to identify any applicable liens; and

failure to produce any pre-incident medical records.  Counsel also noted the lack of any Workers Compensation records, a failure to disclose social media pages (requested to show her activity levels post-incident), and that the only medical bills amounted to $1,266.

Plaintiff's counsel did not respond until February 1, 2023.  Nor did Plaintiff provide any of the requested documents.  The cause for the delay was reportedly a combination of the holiday period, a Covid illness, and an office move.  Counsel pledged to provided certain supplemental responses, including additional medical records, but did not identify a date by which they would be produced.  At the time of Plaintiff's counsel's response, the deadlines for written discovery and non-expert witness depositions had passed.

On February 3, 2023, WhistlePig's counsel reiterated his request for supplemental materials.  After receiving no response, he mailed opposing counsel again on February 25, 2023, prompting additional communications.  In an email response dated March 7, 2023, Plaintiff's counsel reported that he had requested updated medical records and treatment bills on February 7, 2023.  Explaining that he could not control the timing of responses by medical providers, counsel was still unable to offer a date for final production.  WhistlePig filed the pending motion to compel on March 13, 2023.

On March 27, 2023, Plaintiff served supplemental interrogatory answers and a partial document production. The document production did not include any pre-incident or post-incident medical records. WhistlePig contends that outstanding discovery still includes: all remaining post-incident medical records; any pre-incident medical records; an opinion as to causation; incident-related non-medical expenses; and information about future medical treatment and expenses.

**III. Discussion**

Motions to compel are "entrusted to the sound discretion of the district court," *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir.), *cert. denied*, 531 U.S. 1015 (2000), and "[a] trial court enjoys wide discretion in its handling of pre-trial discovery," *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (citations and quotation marks omitted). Rule 26 of the Federal Rules of Civil Procedure allows parties to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

There is no dispute that the information being sought by WhistlePig is relevant and discoverable. According to Plaintiff's counsel, the parties have agreed to the disclosure of two years of social media records and ten years of prior medical records. Plaintiff's counsel also reports that

4

WhistlePig has been provided with medical releases and a list of her past and present medical providers.  WhistlePig submits that even with a release, in light of the amount of time since its initial discovery request (six months), the filing of the Complaint (eight months), and the injury itself (nearly four years), it should not now be burdened with tracking down the medical records that Plaintiff will need to prove her case.

The Court agrees that, particularly given the significant discovery delays brought about solely by Plaintiff, WhistlePig has no duty to obtain the requested documents.  The Court also finds that those delays have prevented WhistlePig from fully evaluating, defending against, and/or resolving the case in a timely manner as contemplated by the stipulated scheduling order.  This case must get back on track, and the obligation is currently on the Plaintiff to produce full and timely discovery so the case can proceed.  Failure to do so may result in sanctions, including dismissal for failure to prosecute.

Accordingly, Plaintiff shall produce to WhistlePig within 21 days of this Opinion and Order all outstanding discovery, including but not limited to: a complete set of post-incident medical records; relevant medical bills; Workers Compensation records; liens; other related costs and expenses; documentation of alleged lost wages; social media pages as agreed; and a complete set of pre-incident medical records as agreed.

5

Plaintiff shall also pay WhistlePig's costs related to the filing of the motion to compel.  *See* Fed. R. Civ. P. 37(a)(5)(A).  The parties shall submit a revised, stipulated scheduling order on or before May 15, 2023.

**IV. Conclusion**

For the reasons set forth above, the pending motion to compel (ECF No. 19) is granted.

DATED at Burlington, in the District of Vermont, this 14th day of April, 2023.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge
